# Exhibit A

Case 1:26-cv-01057-ENV-SDE Document 1-1 Filed 02/24/26 Page 2 of 7 PageID #: 9

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF RICHMOND**
-------------------------------------------------------------------------X
LETISHA SAUNDERS,

                                  **Plaintiff,**

           -against-

APPLE, INC.,

                                **Defendant.**
-------------------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index #:

Plaintiff LETISHA SAUNDERS, through her attorneys, **THE LAW OFFICES OF ROBERT E. BROWN, P.C.**, complaining of the Defendant, alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
**Negligence and Negligence Per Se**

1. The Plaintiff was and still is a resident of the County of Richmond, and State of New York.

2. Upon information and belief, the Defendant APPLE, INC., ("Defendant"), is a foreign corporation, duly organized and existing pursuant to the laws of the State of California with a place of business at One Apple Park Way, Cupertino, California.

3. Upon information and belief, the Defendant at the time of the accident, was and still is a foreign corporation authorized to do business pursuant to the laws of the State of California and doing business within the State of New York.

4. That at the aforesaid time and place, Defendant was the manufacturer, supplier and entity to place the certain Apple Watch, series 9 with serial number KFVPY6TPG2 ("Apple Watch").

5. On or about October 31, 2025, Plaintiff was wearing her Apple Watch while at work. Suddenly, her wrist began to burn under where she was wearing her Apple Watch. Plaintiff quickly removed the watch due to the burning sensation.

6. On or about October 31, 2025, Plaintiff was injured due to the faulty Apple Watch that

Case 1:26-cv-01057-ENV-SDE    Document 1-1    Filed 02/24/26    Page 3 of 7 PageID #: 10

caused a second-degree burn to her wrist.

7.     Defendant had a duty to exercise reasonable care in producing, manufacturing, testing, inspecting, marketing, advertising, promoting, selling, and/or distributing the defective Apple Watch, including a duty to ensure it would safe for a person to wear.

8.     Defendant breached this duty by, inter alia: a. producing, manufacturing, assembling, and/or distributing the defective Apple Watch without thoroughly or adequately testing it; b. Selling the defective Apple Watch without performing proper and sufficient tests to determine its dangers to users; c. Failing to adequately warn Plaintiff, the public, and property managers of the dangers of the defective Apple Watch; d. Failing to recall or notify users when it became known that the defective Apple Watch was dangerous; e. Representing that the defective Apple Watch was safe to wear when its safety was questionable; f. Concealing information concerning reports of possible defectiveness, from Plaintiff and others; g. Failing to conduct adequate post-marketing surveillance to determine the safety of the defective Apple Watch.

9.     Upon information and belief, Defendant's action violated statutes, ordinances and/or regulations, constituting negligence per se.

10.    Defendant's negligence was the direct and proximate cause Plaintiff's injuries.

11.    As a result, Plaintiff was damaged in an amount exceeding the jurisdictional limits of all lower courts.

12.    That the said accident and the injuries resulting to Plaintiff, therefrom were caused by reason of the negligence of the Defendant herein in the manufacturing, supplying and placing the certain defective Apple Watch into the stream of commerce.

## AS AND FOR A SECOND CAUSE OF ACTION
### Strict Products Liability

13.    Plaintiff repeats and realleges all prior allegations set forth in this Complaint as if fully restated herein.

14. Defendant as the manufacturer, supplier and entity to place the defective Apple into the stream of commerce with a defect is strictly liable for design defects, manufacturing defects, and failure to warn under New York common law and products liability principles.

15. The defective Apple Watch was unreasonably dangerous as produced, manufactured and/or marketed as the watch should not cause second-degree burns.

16. At the time that the defective Apple Watch left Defendant's control, it was expected to, and did, reach Plaintiff without substantial change in its condition.

17. Defendant failed to provide adequate warnings or instructions regarding Defendant's propensity to cause injury.

18. Defendant's defective Apple Watch, due to inadequate testing, inadequate post-marketing surveillance, and/or inadequate warnings, as Defendant continued to sell the Apple Watch.

19. The defect in the Apple Watch was a substantial factor in causing the Plaintiff's injuries.

20. That by reason of the foregoing, the Plaintiff has been damaged in a sum which exceeds the jurisdiction of all lower courts that would otherwise have jurisdiction in this matter.

## AS AND FOR A THIRD CAUSE OF ACTION
### Breach of Express Warranty

21. Plaintiff repeats and realleges all prior allegations set forth in this Complaint as if fully restated herein.

22. Defendant expressly warranted that the defective Apple Watch safe to wear.

23. Plaintiff relied on this express warranty when wearing the Apple Watch.

24. Defendant did not conform to this express representation as it was not safe and caused severe injury to Plaintiff.

25. Defendant knew or should have known that this representation was false, misleading, and untrue, as the defective Apple Watch was not safe to wear.

Case 1:26-cv-01057-ENV-SDE Document 1-1 Filed 02/24/26 Page 5 of 7 PageID #: 12

26. As a direct and proximate result of Defendant's breach of express warranties, Plaintiff suffered severe and permanent injuries

27. That by reason of the foregoing, the Plaintiff has been damaged in a sum which exceeds the jurisdiction of all lower courts that would otherwise have jurisdiction in this matter.

## AS AND FOR A FOURTH CAUSE OF ACTION
### Breach of Implied Warranty of Merchantability and Fitness for a Particular Purpose

28. Plaintiff repeats and realleges all prior allegations set forth in this Complaint as if fully restated herein.

29. Defendant impliedly warranted that the defective Apple Watch was merchantable, safe for ordinary use, and fit for the particular purpose to wear on one's wrist, pursuant to Uniform Commercial Code §§ 2-314 and 2-315.

30. Defendant breached these implied warranties as it was not of merchantable quality, false, misleading, and untrue, as the defective Apple Watch was not safe to wear.

31. Plaintiff relied on these implied warranties, and the breaches were the direct and proximate cause of the fire and Plaintiff's injuries.

32. That by reason of the foregoing, the Plaintiff has been damaged in a sum which exceeds the jurisdiction of all lower courts that would otherwise have jurisdiction in this matter.

## AS AND FOR A FIFTH CAUSE OF ACTION
### *Res Ipsa Loquitor*

33. Plaintiff repeats and realleges all prior allegations set forth in this Complaint as if fully restated herein.

34. Plaintiff wearing the Apple Watch on her wrist and it causing burns to the wrist is not an event that ordinarily occurs in the absence of negligence.

35. The Apple Watch was under the exclusive control of Defendant.

36. Plaintiff did not contribute to the incident.

Case 1:26-cv-01057-ENV-SDE     Document 1-1     Filed 02/24/26     Page 6 of 7 PageID #: 13

37.     Defendant's negligence is inferred under the doctrine of *res ipsa loquitor*.

38.     That by reason of the foregoing, the Plaintiff has been damaged in a sum which exceeds the jurisdiction of all lower courts that would otherwise have jurisdiction in this matter.

39.     That one or more of the exemptions set forth in CPLR Section 1602 applies to this action.

40.     That the damages sought exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, for damages in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

Dated:  Staten Island, New York
        December 29, 2025

                                        Yours, etc.
                                        THE LAW OFFICES OF ROBERT E. BROWN
                                        Attorneys for Plaintiff
                                        1200 South Avenue, Suite 201
                                        Staten Island, New York 10314
                                        (718) 979-9779

                                        BY:_____

TO:
Apple, Inc.
c/o Secretary of State

Case 1:26-cv-01057-ENV-SDE Document 1-1 Filed 02/24/26 Page 7 of 7 PageID #: 14

STATE OF NEW YORK )
)ss.:
COUNTY OF RICHMOND )

## VERIFICATION

LETISHA SAUNDERS, being duly sworn deposes and says: I am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

_____
LETISHA SAUNDERS

Sworn to before me this
29th day of December 2025

_____
Notary Public

Michelle Erica Roseto
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02R06433550
Qualified in Kings County
Commission Expires 5/23/2026